# DELBELLO DONNELLAN WEINGARTEN
## WISE & WIEDERKEHR, LLP

**Dawn Kirby**
**Partner**
dkirby@ddw-law.com

COUNSELLORS AT LAW

THE GATEWAY BUILDING
ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601
(914) 681-0200
FACSIMILE (914) 684-0288

Connecticut Office
1111 SUMMER STREET
STAMFORD, CT 06905
(203) 219-9896

May 4, 2015

*Via CM/ECF System & First Class Mail*

Honorable Robert D. Drain
United States Bankruptcy Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    **Jonathan M. Lilian, Chapter 7 Debtor**
           **S.D.N.Y. Case No. 13-23048(RDD)**

Dear Honorable Judge,

    This is a status letter concerning the above-referenced Chapter 7 proceeding and the loss mitigation pending between the Debtor, Wells Fargo Home Mortgage ("Wells Fargo"), which holds the first mortgage, and Pentagon Federal Credit Union ("Pentagon Federal"), which holds the second mortgage.

    The Debtor and Pentagon Federal entered into a Stipulated Settlement agreement ("the Agreement") resolving the mortgage arrears and outstanding attorney fees. A copy of the fully executed Agreement is annexed hereto.

    With respect to the Wells Fargo mortgage, on April 7, 2015, the firm for Wells Fargo requested to review a copy of the Agreement between the Debtor and Pentagon Federal in order to finalize the modification review and generate the final modification documents. The Agreement was e-mailed to counsel for Wells Fargo on that same day. To date, this firm has not received a final mortgage modification agreement from Wells Fargo. On May 1, 2015, this firm sent a follow up e-mail to counsel for Wells Fargo requesting a status. The Debtor continues to make his monthly payments in good faith to Wells Fargo in anticipation of finalizing this modification.

    The undersigned would like to proceed with filing a motion to approve the mortgage modification with Wells Fargo; however, it is required to obtain from Wells Fargo the final terms on the modification to include that information in the motion.

Honorable Robert D. Drain
United States Bankruptcy Judge
May 4, 2015

      At this time, a status conference is currently scheduled for **May 12, 2015 at 10:00 a.m.** The undersigned requests to adjourn the status conference with respect to the Wells Fargo loss mitigation to allow parties additional time to finalize this pending loss mitigation.

      With respect to Pentagon Federal status conference, this matter can be removed from the Court's calendar as the undersigned intends to file a motion to approve compromise simultaneously with the motion regarding the modification with Wells Fargo.

      Should you have any questions, please feel free to contact this firm.

Respectfully submitted,

*/s/ Dawn Kirby*

DK/dap

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Stipulation") is made and entered into by and between Pentagon Federal Credit Union and Jonathan M. Lilian and Hope Lilian (collectively "The Parties").

### RECITALS:

**WHEREAS**, on June 28, 2013 ("Petition Date"), Jonathan M. Lilian ("Lilian" or "Debtor"), filed a voluntary Chapter 7 Petition in the United States Bankruptcy Court, Southern District of New York, Case No. 13-23048(RDD); and

**WHEREAS**, Lilian, as mortgagor, for the purpose of securing the payment to Credit Union, as mortgagee, of the principal sum of THREE HUNDRED FIFTY NINE THOUSAND DOLLARS AND ZERO CENTS ($359,000.00), with interest thereon at the rate of 2.750%, on or about October 5, 2011, executed and delivered to Pentagon Federal Credit Union ("PenFed"), a certain Home Equity Line of Credit Agreement and Federal Truth in Lending Disclosure ("Disclosure"), whereby Lilian undertook and promised to pay to PenFed the sum of THREE HUNDRED FIFTY-NINE THOUSAND DOLLARS AND ZERO CENTS ($359,000.00) with interest thereon; and

**WHEREAS**, Lilian and his wife, Hope Lilian ("H. Lilian") executed an Addendum to the Disclosure ("Addendum") in connection with the variable interest rate and annual percentage rate; and

**WHEREAS**, as collateral security for the payment of the foregoing indebtedness, also on or about October 5, 2011, Lilian and H. Lilian executed, duly acknowledged, and delivered to PenFed, a Home Equity Line of Credit Mortgage ("HELOC"), which was duly recorded in the County Clerk's Office of Westchester County on November 23, 2011, in and by which Debtor and H. Lilian mortgaged to PenFed the property, known as 50 Quarry Lane, Bedford, New York 10506 ("Property"); and

**WHEREAS**, pursuant to the heading "Collection Costs" of the Disclosure and Paragraph 19 of the HELOC, Lilian agreed to pay all reasonable expenses incurred by PenFed in enforcing its rights under the HELOC, including the reasonable attorneys' fees and costs of the action

incurred by PenFed; and

  **WHEREAS**, PenFed is the holder of the Disclosure and HELOC; and

  **WHEREAS**, Debtor's Pre-Petition and Post-Petition arrears, exclusive of attorneys' fees, under the Disclosure and HELOC total $ $17,536.25 ("Arrears Amount") through March 27, 2015; and

  **WHEREAS**, the principal balance due on the HELOC is $358,165.92 ("Principal Balance"); and

  **WHEREAS**, attorneys' fees and expenses totaling $20,666.83 ("Attorneys' Fees"), are due and owing PenFed under the Disclosure and HELOC as of March 25, 2015 and

  **WHEREAS**, on July 16, 2013 Debtor filed a Loss Mitigation Request (ECF No. 10) with regard to his mortgage held by Wells Fargo Home Mortgage against the property; and

  **WHEREAS**, by Notice of Motion dated August 2, 2013, PenFed moved for relief from the automatic stay pursuant to 11 U.S.C. §362(d) "Lift Stay Motion"; and

  **WHEREAS**, on August 5, 2013, Debtor filed a Loss Mitigation Request (ECF DOC No. 14), with regard to the HELOC held by PenFed; and

  **WHEREAS**, on September 4, 2013, the Court entered a Loss Mitigation Order ("Loss Mitigation Order") (ECF No. 21), directing Debtor and PenFed to participate in loss mitigation with respect to the HELOC; and

  **WHEREAS**, several status conferences were held before the Bankruptcy Court with regard to the Loss Mitigation Order; and

  **WHEREAS**, PenFed rejected Debtor's loan modification requests and has asked the Bankruptcy Court to terminate Loss Mitigation; and

  **WHEREAS**, Debtor, H. Lilian, and PenFed seek to resolve the Loss Mitigation Request.

  **NOW, THEREFORE, IT IS STIPULATED AND AGREED**, in consideration of the mutual covenants and obligations set forth in this Stipulation, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the respective parties hereby agree as follows:

  1.  The foregoing recitals are a material part of this Stipulation and are incorporated

by reference herein.

2. Lilian admits he is in default of the Disclosure and HELOC and further admits there are no defenses or offsets to the amounts due under the Disclosure and HELOC on the Principal Balance, Arrears Amount, and Attorneys' Fees.

3. Lilian agrees to pay to PenFed the sum of $17,536.25("Arrears Amount") in 18 equal consecutive monthly installments of $1,000.00 ("Monthly Payment") commencing on or before April 1, 2015, payable monthly thereafter on the first of every month. If the first day of the month is not a weekday or is a holiday, the monthly Payment shall be due on the first business day thereafter. The 18th installment payment shall be in the amount of $ 536.25.

4. Lilian shall pay the monthly HELOC payments, commencing April 1, 2015, pursuant to the original terms of the Disclosure and HELOC, except as otherwise provided herein. The HELOC payment due on April 1, 2015 shall be in the amount of $820.00.

5. Penfed shall issue monthly statements for the HELOC payments due, and Lilian consents that such monthly statements are not a violation of the automatic stay or discharge injunction to be issued in this case.

6. The Monthly Payments and HELOC payments shall be payable to PenFed, and delivered to Attention: DCC Manager, P.O. Box 247050 Omaha, Nebraska, 68124-7050.

7. The Attorneys' Fees, plus additional unbilled attorney's fees and expenses, shall be capitalized and added to the Principal Balance, and paid in accordance with the HELOC terms.

8. In the event payments are not made as set forth in Paragraphs 3 and 4 above, in full, then Lilian shall be entitled to a cure period of ten (10) days following written notice of default to Lilian via email to jonlilian50@gmail.com and H. Lilian via email to hoping2@verizon.net, with additional notice by email to their counsel, Dawn Kirby, Esq., (dkirby@ddw-law.com). Notice addresses may be changed by written request to Weltman & Moskowitz, LLP, 270 Madison Avenue, Suite 1400, New York, New York 10016 and by email

3

to Michele K. Jaspan, Esq. at mkj@weltmosk.com.

9. Each party to this Stipulation acknowledges that each has had full opportunity to obtain the advice of competent legal counsel in deciding to enter into this Stipulation. The parties further acknowledge they each gave the settlement terms contained herein careful thought and consideration prior to execution. Lilian and H. Lilian acknowledge they executed the Stipulation freely and without economic compulsion, duress or wrongful inducement of any kind, and agree to the validity of the continued terms of the Disclosure and HELOC.

10. In the event Lilian fails to make payment in accordance with the terms set forth in this Stipulation, to wit: $1,000.00 per month in consecutive Monthly Payments, commencing April 1, 2015, and monthly HELOC payments, and Lilian fails to cure the default after 10 days notice thereof, then, and in that event, the Parties consent and agree as follows: (a) in the event Debtor's discharge has yet to be granted, this Stipulation will constitute a vacatur of the automatic stay; and (B) PenFed is authorized to proceed in a foreclosure action in the Supreme Court of the State of New York for the County of Westchester to permit PenFed to enforce its foreclosure rights under the HELOC.

11. Except as otherwise set forth herein, notices, requests, demands or other communications shall be either delivered personally, transmitted by electronic mail, facsimile, or sent by certified mail, postage prepaid, return receipt requested, addressed as follows or to such other addresses as any party may specify in writing to the others:

    To PenFed:

        Pentagon Federal Credit Union
        Attention: DCC Manager
        P.O. Box 247050
        Omaha, Nebraska 68124-7050
        Telephone: (402) 951-2500 x2490
        Facsimile: (541) 225-6808
        Email: matt.huerta@PenFed.org

    with a copy to:

        Weltman & Moskowitz, LLP
        270 Madison Avenue, Suite 1400

New York, New York 10016-0610
Attention: Michele K. Jaspan, Esq.
Telephone: 212.684.7800
Facsimile: 212.684.7995
Email: mkj@weltmosk.com

To Lilian and H. Lilian:

Jonathan M. Lilian
Hope Lilian
50 Quarry Lane
Bedford, New York 10506
Email: hoping2@verizon.net; jonlilian50@gmail.com

with a copy to:

DelBello Donnellan Weingarten Wise & Wiederkehr, LLP
One North Lexington Avenue, 11th Floor
WhitePlains, New York 10601
Attention: Dawn Kirby, Esq.
Telephone: 914.681.0200
Facsimile: 914.684.0288
Email: dkirby@ddw-law.com

12. This Stipulation and any disputes arising out of or related thereto shall be governed by, and construed and enforced in accordance with the laws of the State of New York.

13. Failure to strictly enforce the terms hereof on the part of PenFed, or the waiver of any one term herein contained on the part of the PenFed shall not be construed as a waiver of any of PenFed's rights in any manner whatsoever.

14. This Stipulation constitutes the entire agreement between the parties with regard to the matters that are its subject. No amendment to or modification of this Stipulation shall be effective unless such amendment or modification is in writing and executed by each of the parties hereto.

15. In case any provision of this Stipulation is determined by a court to be invalid or unenforceable, the validity and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

16. This Stipulation may be executed and delivered in one or more counterparts, including facsimile or electronic transmission in portable document format (.pdf), each of which shall be deemed as an original, and which, together, shall constitute one and the same instrument and shall be binding.

17. This Stipulation is and shall be immediately binding upon the Parties hereto and

their respective successors and assigns.

**#18. Debtor expressly is not reaffirming the legal obligation to pay the mortgage note.**

Dated: Bedford, New York
       March ___, 2015

_____
JONATHAN M. LILIAN

Dated: Bedford, New York
       March ___, 2015

as co-owner of property, not a signatory to the mortgage note.

_____
HOPE LILIAN

Dated: White Plains, New York
       March ___, 2015

DELBELLO DONNELLAN WEINGARTEN
WISE AND WIEDERKEHR, LLP
Attorneys for Jonathan M. Lilian and Hope Lilian

_____
Dawn Kirby, Esq.

Dated: Alexandria, Virginia
       April ~~March~~ 7, 2015

PENTAGON FEDERAL CREDIT UNION

By: _____
John Dorn, Vice President

Dated: New York, New York
       ~~March~~ April 9, 2015

WELTMAN & MOSKOWITZ, LLP
Attorneys for Pentagon Federal Credit Union

By: _____
Michele K. Jaspan, Esq.
Michael Moskowitz

6